Slip Op. 99 - 108

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - -x
SAVE DOMESTIC OIL, INC.,
                                       :
                         Plaintiff,
                                       :
              v.                          Court No. 99-09-00558
                                       :

UNITED STATES,                         :

                         Defendant. :

- - - - - - - - - - - - - - - - - - -x

<u>Memorandum & Order</u>

[Motions of API Ad Hoc Free Trade Committee;
 Saudi Arabian Oil Company; Petroleos de
 Venezuela, S.A. and CITGO Petroleum Cor-
 poration; and Petróleos Mexicanos, P.M.I.
 Comercio Internacional S.A. de C.V., and
 PEMEX Exploración y Producción for leave
 to intervene as parties defendant granted;
 Motions of Mobil Corporation, Exxon Cor-
 poration, Shell Oil Company, Texaco Inc.,
 Chevron Corporation, and BP Amoco for leave
 to intervene as parties defendant denied;
 Motion of Trifinery Petroleum Services for
 leave to file a brief *amicus curiae* denied.]

Dated:  October 12, 1999

        <u>Wiley, Rein & Fielding</u> (<u>Charles Owen Verrill, Jr</u>. and <u>John
P. Quinn</u>) for the plaintiff.

        <u>David W. Ogden</u>, Acting Assistant Attorney General; <u>David M.
Cohen</u>, Director, Commercial Litigation Branch, Civil Division,
U.S. Department of Justice (<u>A. David Lafer</u> and <u>Lucius B. Lau</u>)
for the defendant.

        <u>Dewey Ballantine LLP</u> (<u>Harry L. Clark</u> and <u>Bradford L. Ward</u>)
for API Ad Hoc Free Trade Committee.

        <u>Sharretts, Paley, Carter & Blauvelt, P.C</u>. (<u>Ned H. Marshak</u>)
for Mobil Corporation.

        <u>Covington & Burling</u> (<u>Harvey M. Applebaum</u> and <u>David R. Grace</u>)
for Exxon Corporation.

        <u>Vinson & Elkins</u> (<u>Theodore W. Kassinger</u>, <u>Alden L. Atkins</u> and
<u>Greta L.H. Lichtenbaum</u>) for Shell Oil Company.

King & Spalding (Joseph W. Dorn and Duane W. Layton) for Texaco Inc.

deKieffer & Horgan (J. Kevin Horgan and Peter L. Sultan) for Chevron Corporation.

Barnes, Richardson & Colburn (Robert E. Burke and Brian F. Walsh) for BP Amoco.

White & Case (Carolyn B. Lamm) for Saudi Arabian Oil Company.

Shearman & Sterling (Thomas B. Wilner, Jeffrey M. Winton, Michael J. Chapman and Perry S. Bechky) for Petroleos de Venezuela, S.A. and CITGO Petroleum Corporation.

O'Melveny & Myers, LLP (Michael A. Meyer) for Petróleos Mexicanos, P.M.I. Comercio Internacional S.A. de C.V., and PEMEX Exploración y Producción.

Baker, Donelson, Bearman and Caldwell (Charles R. Johnson, Jr. and Doreen M. Edelman) for Trifinery Petroleum Services.


AQUILINO, Judge:  The plaintiff commenced this action on September 7, 1999 by filing a summons and complaint in re Dismissal of Antidumping and Countervailing Duty Petitions: Certain Crude Petroleum Oil Products From Iraq, Mexico, Saudi Arabia, and Venezuela, 64 Fed.Reg. 44,480 (Aug. 16, 1999).  Jurisdiction is alleged to exist pursuant to 19 U.S.C. §1516a(a)(1)(A) and 28 U.S.C. §1581(c).

The court is now in receipt of an amended complaint, which has not been filed in compliance with the rules of practice.  That is, the plaintiff purports to rely on CIT Rule 15(a) "as a matter of course, [to] amend[] the Complaint filed on September 7, 1999".  But the amended pleading is dated September 30,

1999, and has been deemed filed as of that date (pursuant to CIT Rule 5(e)), while Rule 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been noticed for trial, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; . . ..

Since 28 U.S.C. §1581(c) is the pleaded jurisdictional predicate of this action, no answer to the complaint is permitted herein according to CIT Rule 7(a), which thereby implicates the foregoing 20-day restriction on amendment without leave of court or consent of adverse parties.  Apparently, neither was sought by the plaintiff prior to its attempted formal filing.

As for adverse parties, commencement of this action has brought forth a number of what can only be characterized as perfunctory motions for leave to intervene as parties defendant pursuant to CIT Rule 24(a)[1].  The first such motion has been filed by the API Ad Hoc Free Trade Committee, appended to which is the Form 13 disclosure statement called for by the Practice Comment to Rule 24, to wit:

---

[1] Consistent with the current, unique approach to actions of this kind, Rule 24(c) requires that all motions for leave to intervene in an action as of right per Rule 24(a) or by permission viz. 24(b) be accompanied by a pleading setting forth the claim or defense for which intervention is sought "[e]xcept in an action described in 28 U.S.C. §1581(c)."

The API Ad Hoc Free Trade Committee is comprised of the following crude petroleum oil producers: Atlantic Richfield Corporation (ARCO), BHP Petroleum (Americas) Inc., BP Amoco, Burlington Resources, Chevron Corporation, Conoco Inc., Exxon Corporation, Fina, Inc., Kerr-McGee Corporation, Marathon Oil Company, Mobil Corporation, Murphy Oil Corporation, Occidental Petroleum Corporation, Phillips Petroleum Company, Shell Oil Company, and Texaco Inc.

The sum and substance of its motion is stated to be as follows:

2. The applicant represents domestic producers of certain crude petroleum oil products, was a party to the proceeding before the U.S. Department of Commerce, and is an interested party within the meaning of 19 U.S.C. §1677(9)(E). The applicant, therefore, has standing to appear and be heard as a party in interest before this Court pursuant to 19 U.S.C. §1516a(d) and may intervene as a matter of right pursuant to 28 U.S.C. §2631(j)(1)(B).

While this representation may satisfy the base requirements of the rule, the movant does not address any of plaintiff's averments, most specifically at this nascent-but-important stage of this action those regarding its *raison d'être* and relationship to its member "integrated producers", some of which the plaintiff alleges merely mimicked Committee arguments made to the International Trade Administration, U.S. Department of Commerce.

Be that administrative process as it was, the following listed Committee members have interposed their own motions for leave to intervene herein as of this date: Mobil Corporation, Exxon Corporation, Shell Oil Company, Texaco Inc., Chevron Corporation, and BP Amoco. None of them reveals either its

relationship to the Committee and/or to other members[2], or its particular position on any of plaintiff's allegations and thus how such position relates to that of the Committee or to other parties in opposition to the plaintiff.  In other words, this court has no basis at the moment for determining how intervention of individual Ad Hoc Committee members will not be redundant -- and thus of assistance in the expeditious disposition of this action.

In addition to the foregoing would-be parties, to date Saudi Arabian Oil Company, Petroleos de Venezuela, S.A. and CITGO Petroleum Corporation, and Petróleos Mexicanos, P.M.I. Comercio Internacional S.A. de C.V. and PEMEX Exploración y Producción have interposed motions for leave to intervene as parties defendant pursuant to CIT Rule 24(a), while Trifinery Petroleum Services has moved for leave to file a brief *amicus curiae*.

As filed, the latter does not adequately inform the court of Trifinery's position on any of the issues raised by the plaintiff.[3]  The same must be said of the other three motions,

---

[2] The court notes in passing that Exxon Corporation and Mobil Corporation have agreed to merge, which reportedly has been approved by their respective stockholders.  See, e.g., Stockholders Approve Exxon-Mobil Merger, N.Y. Times, May 28, 1999, at C2, col. 5.  Cf. A. Salpukas, It's Official:  BP Is Planning to Buy ARCO, N.Y. Times, April 2, 1999, at C1, col. 5.

[3] Hence, it should be, and hereby is, denied, albeit without prejudice to acceptable renewal.  The motion does claim that "Trifinery is a major importer of crude petroleum from Venezuela" which "could be adversely affected by this Court's decision to remand this matter to the Department of Commerce."  Suffice it to

(footnote continued)

which nonetheless are in basic conformity with the rules of practice as presently in effect and which are on behalf of entities not disclosed to be members of the API Ad Hoc Free Trade Committee or otherwise claimed to be represented herein. Ergo, those three motions to intervene, as well as that of that Committee, can be, and they hereby are, granted.

The motions for leave to intervene on behalf of Mobil Corporation, Exxon Corporation, Shell Oil Company, Texaco Inc., Chevron Corporation, and BP Amoco are hereby denied, without prejudice to renewal by each upon showing which positions on the issues raised by the plaintiff are not susceptible of adequate representation herein by their Ad Hoc Committee.

The Clerk of the Court is hereby directed to return to counsel plaintiff's First Amended Complaint as not presented in conformity with the Rules, and also to forward promptly copies of this court's decision to all firms implicated by plaintiff's pleadings.

So ordered.

Dated: New York, New York
       October 12, 1999

_____
                                              Judge

_____

report at this stage of proceeding that Petroleos de Venezuela, S.A. claims to be

> a Venezuelan producer and exporter of the subject mer-
> chandise, and CITGO is a U.S. importer of the subject
> merchandise.  They clearly qualify as interested par-
> ties under the statutory definitions.

Consent Motion of Petroleos de Venezuela, S.A. and CITGO Petro-leum Corporation to Intervene, p. 3 n. 1.